WALKER STEVENS CANNOM LLP
Hannah L. Cannom (SBN 245635)
hcannom@wscllp.com
Bethany M. Stevens (SBN 245672)
bstevens@wscllp.com
500 Molino Street #118
Los Angeles, CA 90013
Telephone: (213) 337-9972
Facsimile: (213) 403-4906

*Attorneys for Applicants APPLE INC.;*
*APPLE RETAIL GERMANY B.V. & CO. KG;*
*and APPLE DISTRIBUTION INTERNATIONAL LIMITED*

FILED
Nov 04 2021
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY   s/ judep   DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re* Ex Parte Application of<br><br>APPLE INC.; APPLE RETAIL GERMANY B.V. & CO. KG; AND APPLE DISTRIBUTION INTERNATIONAL LIMITED<br><br>Applicants,<br><br>For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery from Qualcomm Incorporated for Use in Foreign Proceedings. | CASE NO. **21MC1545**<br><br>**APPLE'S EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS AND SUPPORTING MEMORANDUM** |

# APPLICATION

Apple Inc., Apple Retail Germany B.V. & Co. HG, and Apple Distribution International Limited (collectively, "Apple") hereby apply to the Court *ex parte* for an order pursuant to 28 U.S.C. § 1782 (the "Application") granting Apple leave to obtain targeted discovery from Qualcomm Incorporated ("Qualcomm") for use in foreign litigations. In particular, Apple seeks leave to issue: (i) a narrowly tailored document subpoena to Qualcomm requiring Qualcomm to product certain document(s) in its possession, custody or control for use in foreign patent infringement proceedings pending against Apple in Germany; and (ii) a deposition subpoena requiring Qualcomm to make available a corporate witness who is prepared to testify as to the authenticity of any documents produced in response to Apple's document subpoena.

Apple's Application is based on the below supporting Memorandum of Points and Authorities, as well as the concurrently filed declarations of Dr. Stephan Dorn and Bethany Stevens and the exhibits thereto.

Though not required, Apple is providing a copy of its Application to Qualcomm contemporaneous with this filing.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION AND FACTUAL BACKGROUND

On February 18, 2021, Godo Kaisha IP Bridge 1 ("IP Bridge") filed suit against Apple Retail Germany B.V. & Co. KG in the Munich District Court (Case No. 7 O 2385/21), alleging infringement of IP Bridge's European Patent No. EP 2 294 737 (the "'737 Patent"), entitled "Control Channel Signalling for Triggering the Independent Transmission of a Channel Quality Indicator." (*See* Declaration of Stephan Dorn ("Dorn Decl."), at ¶¶ 3-4.) Thereafter, on March 1, 2021 IP Bridge sued Apple Inc. and Apple Distribution International Limited in the Munich

District Court (Case No. 7 O 2963/21)[1], alleging infringement of the same '737 Patent. (*Id*.) Initially both proceedings were directed to claims for information and rendering accounts only, these claims accusing and encompassing sales of all LTE-equipped Apple devices (meaning all iPhones, cellular equipped iPads, and the cellular equipped watches) beginning November 7, 2012. (*Id*. at ¶ 3.) The claims against Apple Retail Germany B.V. & Co. KG have been expanded by a claim for injunctive relief against the iPhone 12 only (excluding the other series 12 models iPhone 12 mini, Pro, Pro Max). (*Id*.) IP Bridge claims that the '737 Patent is essential to the Long Term Evolution ("LTE") standard established by the European Telecommunications Standards Institute ("ETSI"), and the accused functionality resides in a LTE baseband chip that is a component of the accused Apple products. (*Id*. at ¶ 4.) Certain of the Apple products accused of patent infringement in the German Proceedings contain LTE baseband chips supplied by Qualcomm. (*Id*. at ¶ 5.)

Qualcomm (or its affiliates) entered into an agreement concerning patents related to semiconductor technology and/or to wireless standards related to semiconductor technology, which patents are owned or otherwise controlled by IP Bridge (or its affiliates). (*Id*. at ¶ 6.) Apple became aware of this agreement through two other patent litigations brought by IP Bridge against HTC Germany GmbH and HTC Corp. (collectively, "HTC") in Germany ("the HTC Litigations"). (*Id*.) In both HTC Litigations, HTC had argued that Qualcomm's agreement with IP Bridge would excuse HTC from infringement under the doctrine of patent exhaustion. (*Id*.) As such, Qualcomm—an entity headquartered in this judicial district—likely has in its direct possession and/or within its control, documents relevant to the issues in the German Proceedings, which documents could allow

---

[1] Hereinafter, Case Nos. 7 O 2385/21 and 7 O 2963/21 will be referred to collectively as the "German Proceedings."

1  Apple to assert a defense of patent exhaustion and potentially avoid liability for
2  infringement of the '737 Patent in the German Proceedings. (*Id*. at ¶ 8.)
3      Apple therefore asks this Court to authorize the issuance of narrowly tailored
4  discovery from Qualcomm, one of Apple's suppliers of certain LTE baseband
5  chips. Specifically, Apple seeks a narrow set of documents from Qualcomm
6  relating to any agreement Qualcomm has or had with IP Bridge regarding patents
7  related to semiconductor technology and/or to wireless standards related to
8  semiconductor technology; and designation of a Qualcomm corporate witness to
9  testify as to the authenticity of any documents produced in response to Apple's
10 document subpoena.
11     As set forth below, Apple's application satisfies Section 1782's three
12 statutory requirements. First, it is filed in "the district in which [the] person
13 resides," 28 U.S.C. § 1782(a), because Qualcomm's headquarters are in San Diego,
14 California. Second, Apple seeks the discovery "for use in proceeding in a foreign
15 . . . tribunal," *id*., specifically the Munich District Court in Germany. Third, Apple
16 Inc., Apple Retail Germany B.V. & Co. KG, and Apple Distribution International
17 Limited all qualify as "interested persons" in those foreign proceedings because
18 they are named parties to those proceedings. *See id*.; *Intel Corp. v. Advanced Micro*
19 *Devices, Inc.*, 542 U.S. 241, 256 (2004) (litigants are a common example of
20 "interested persons").
21     Moreover, the factors identified by the Supreme Court to guide a court's
22 discretion in analyzing applications under Section 1782 all favor granting Apple's
23 request. Qualcomm is not a participant in the German Proceedings, and
24 Section 1782 provides an effective mechanism for obtaining this targeted
25 discovery across various cases. In addition, German courts are receptive to the type
26 of discovery sought by Apple, the discovery provides key information for the
27 German Proceedings, and the request is not made to circumvent any limitation on
28

discovery imposed by the German courts or under German law. Finally, the discovery request is narrowly tailored and is not unduly intrusive or burdensome. To the extent the requested documents contain confidential business information, Apple will agree to protect the information from disclosure as may be appropriate.

Accordingly, Apple respectfully requests that the Court allow Apple to serve the subpoenas attached as Exhibits 2 and 3 to the concurrently filed Declaration of Bethany Stevens ("Stevens Decl.").

## III.   ARGUMENT

### A.   Legal Standard

Section 1782 is "the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp.*, 542 U.S. at 247. Over time, Congress has "substantially broadened the scope of assistance federal courts could provide for foreign proceedings." *Id*. at 247-49.

Section 1782 provides in part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . . The order may be made . . . upon the application of any interested person and may direct that the testimony or statement may be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a). The statute thus sets forth three threshold requirements, authorizing the district court to "grant an application pursuant to 28 U.S.C. §1782 where: (1) the person from whom discovery is sought resides or is found in the district of the district court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the application is made by a foreign or international tribunal or any interested person." *In re Ex Parte LG*

*Elecs. Deutschland GMBH*, No. 12-cv-1197-LAB (MDD), 2012 WL 1836283, at *2 (S.D. Cal. May 21, 2012) (citation omitted) (applying § 1782 statutory requirement).

In *Intel*, the Supreme Court set forth several non-exclusive factors to aid district courts in determining how to exercise their discretion in granting Section 1782 applications. These factors include (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the request is "an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the discovery is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264-65; *Chevron Corp. v. E-Tech Int'l*, 2010 WL 3584520, at *4 (S.D. Cal. Sept. 10, 2010) (outlining *Intel* factors).

Courts in this District have previously granted similar applications by Apple seeking similar discovery from Qualcomm. *See, e.g.*, *In re Apple Inc.*, No. 3:20-mc-645, slip op. (S.D. Cal. June 18, 2020) (allowing Apple to serve subpoena on Qualcomm pursuant to § 1782) (Stevens Decl. ¶ 9, Ex. 4); *In re Apple Inc.*, No. 18-cv-1055-DMS-MDD, 2018 WL 5004997 (S.D. Cal. Oct. 16, 2018) (same); *In re Apple Inc.*, No. 15-cv-1780 BAS(RBB), 2015 WL 5838606 (S.D. Cal. Oct. 7, 2015) (same). Further, a Court in this District recently granted a similar application by Daimler AG, Mercedes-Benz AG, and Daimler Truck AG (collectively "Daimler") in which Daimler sought identical discovery from Qualcomm (namely, the Qualcomm/IP Bridge agreement cited by HTC), for Daimler to use in defending itself against IP Bridge's patent infringement allegations in Germany. *See In re: Ex Parte Appl. Of Daimler AG et al.*, Case No. 3:21-mc-00948, 2021 WL 3852729 (S.D. Cal. Aug. 27, 2021).

APPLE'S EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

**B.     Apple's Application Meets the Section 1782 Requirements**

Apple's request for discovery meets each of the three statutory requirements. First, the company from which discovery is sought, Qualcomm, "resides or is found" in this District. 28 U.S.C. § 1782(a). Qualcomm has its principal place of business at 5775 Morehouse Drive, San Diego, California, which is located within this District. (Stevens Decl. ¶ 5, Ex. 1 (excerpt of 2020 Qualcomm 10K).)

Second, the discovery is sought for use in a "proceeding before a foreign tribunal." 28 U.S.C. § 1782(a). Specifically, Apple seeks the information for use in asserting a defense of patent exhaustion in patent infringement actions brought by IP Bridge in the Munich District Court. (Dorn Decl. ¶¶ 3, 8.) Courts in this District have held that German courts qualify as a foreign tribunal within the meaning of the statute. *See e.g., In re Ex Parte Apple Inc.,* 2015 WL 5838606, at *2. Moreover, courts have routinely granted Section 1782 applications seeking discovery for use in proceedings in Germany. *See AIS GmbH Aachen Innovative Sols. v. Thoratec LLC*, 762 F. App'x 447, 448 (9th Cir. 2019) (German court in which a patent infringement case was pending was a foreign tribunal for purposes of § 1782); *IPCom GmbH v. Apple, Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) (German patent infringement action qualified).

Third, as named parties in the foreign actions, Apple Inc., Apple Retail Germany B.V. & Co. KG, and Apple Distribution International Limited all qualify as "interested part[ies]." 28 U.S.C. § 1782(a); *Intel*, 542 U.S. at 256 ("No doubt litigants are included among . . . the 'interested person[s]' who may invoke § 1782"); *see also Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 594 (7th Cir. 2011) ("a party to litigation in a foreign country can seek discovery relating to that litigation in a federal district court"). Accordingly, Apple has satisfied the statutory requirements for an application under 28 U.S.C. § 1782.

### C. The Supreme Court's Intel Factors Strongly Favor Granting Apple's Application

In addition, the factors identified by the Supreme Court in *Intel* and by other courts weigh heavily in favor of the Court exercising its discretion to grant Apple's request for discovery.

#### 1. Qualcomm Is Not a Party in the German Proceedings

Qualcomm is not a party to the German Proceedings, and, as such, the material Apple seeks (i.e., documents in Qualcomm's possession) may not be within the foreign tribunal's jurisdictional reach. *See Intel*, 542 U.S. at 264 (noting that "nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782 aid"). Additionally, the requested evidence is only available to Apple at the discretion of the court in the German Proceedings, and German courts are often reluctant to grant such discovery requests. (Dorn Decl. ¶¶ 9-16.) *See also Heraeus Kulzer*, 633 F.3d at 597 (authorizing Section 1782 discovery because German litigant could not "obtain even remotely comparable discovery by utilizing German procedures"); *Cryolife, Inc. v. Tenaxis Med., Inc.*, No. C08-05124 HRL, 2009 WL 88348, at *4 (N.D. Cal. Jan. 13, 2009) (holding that "petitioner need only show that the information" sought under Section 1782 "will be useful"). Accordingly, this factor favors granting Apple's Application.

#### 2. German Courts Are Receptive to U.S. Judicial Assistance, And Apple Seeks Highly Relevant Information that Will Assist the German Court

The nature and character of the foreign proceeding and the receptivity of the foreign court to U.S. federal-court judicial assistance also weigh in favor of this Court granting Apple's request for discovery. *See Intel*, 542 U.S. at 264. Because the nature and character of the foreign proceedings involve IP Bridge's allegations

of patent infringement, discovery regarding potentially relevant license agreements is highly relevant. *See London v. Does*, 279 F. App'x 513, 515 (9th Cir. 2008) (affirming order granting Section 1782 discovery where proof sought was "critical" in light of the "nature and character of the foreign case").

Moreover, the supporting Declaration of Dr. Stephan Dorn, a German patent litigator representing Apple in the German Proceedings, demonstrate that the German court would be receptive to evidence obtained via through this Application. (Dorn Decl. ¶¶ 17-18.) Under German law, any documents obtained in a U.S. Application pursuant to 28 U.S.C. § 1782, as well as any transcript of sworn testimony given under oath, such as a U.S. deposition of the type requested by Applicants, can be formally introduced into the German Proceedings by offer of proof, and the German Court would – without prejudice to its decision about the admission and consideration of the particular document introduced according to general German rules regarding the admissibility of evidence – accept such offer of proof. (*Id*. ¶ 17.) Further, the German Federal Supreme Court has confirmed that the enforcement of a U.S. judgment in Germany is not precluded due to it being based on evidence obtained in pre-trial discovery proceedings in the United States, which holding has been interpreted in German literature as supporting the submission of evidence obtained under Section 1782 discovery proceedings. (*Id*. ¶ 18.)

Dr. Dorn's conclusion about the receptivity of German courts to evidence from the United States is consistent with the decisions of many U.S. courts to grant section 1782 applications in aid of German cases. *See*, *e.g.*, *In re: Ex Parte Appl. Of Daimler AG*, 2021 WL 3852729, at *1; *In re Ex Parte Appl. Of Qualcomm Inc.*, Case No. 18-mc-80104-VKD, 2018 WL 3845882 (N.D. Cal. Aug. 13, 2018) (granting Qualcomm's Section 1782 application to obtain evidence from Apple for use in German patent litigation proceedings); *Heraeus Kulzer, GmbH*, 633 F.3d at

599 (granting request for discovery under Section 1782 for German trade secret case). For these reasons, the second *Intel* factor also weighs in favors of this Court granting Apple's Application.

### 3. No Foreign Discovery Restrictions Bar Apple's Requested Discovery

Section 1782 does not require that the documents sought be discoverable in the foreign courts. *Intel*, 542 U.S. at 260-63. However, a district court could consider whether an applicant was seeking in bad faith "to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Id.* at 265.[2] Here, there is no rule prohibiting a party to seek evidence via section 1782 or declaring such evidence inadmissible in German legal proceedings. (Dorn Decl. ¶ 19.) Instead, general rules of German civil procedure law apply and, under German law, any documents obtained in the U.S. pursuant to 28 U.S.C. § 1782 could be introduced into the German Litigation by simple submission, and the German court would have to consider the evidence in its decision making. (Id. ¶¶ 19-25.) Indeed, as noted above, U.S. courts have routinely granted applications under Section 1782 for evidence to be used in German courts. *See, e.g., In re Ex Parte Appl. Of IPCom GMBH & Co.*, Case No. 5:14-mc-80037-EJD-PSG, 2014 WL 12772090, at *3 (N.D. Cal. )Apr. 10, 2014) (noting there is no circumvention because "U.S. courts have routinely granted applications under Section 1782 for discovery of evidence to be used in German proceedings.").

### 4. Apple's Discovery Is Narrowly Tailored to Avoid Undue Burden

---

[2] *See also In Re Esses*, 101 F.3d 873, 876 (2d Cir. 1996) ("[O]nly upon authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782 should a district court refrain from granting the assistance offered by the act") (quotation marks omitted; emphasis in original); *In re Appl. of Procter & Gamble*, 334 F. Supp. 2d 1112, 1116 (E.D. Wis. 2004) (holding that "to decline a § 1782(a) request based on foreign nondiscoverability, a district court must conclude that the request would undermine a specific policy of a foreign country or the United States").

Apple's proposed discovery requests are narrowly tailored and minimally burdensome. *See Intel*, 542 U.S. at 265 ("unduly intrusive or burdensome requests may be rejected or trimmed"). Apple is requesting document discovery on only one topic, targeted to a small, discrete set of documents: Qualcomm intellectual property licenses or agreements regarding certain patents owned or controlled by IP Bridge, and a limited deposition regarding the authenticity of such documents. (Stevens Decl. ¶ 8, Exs. 2, 3.) The universe of responsive documents is thus likely to be small and easily searchable, avoiding any undue burden on Qualcomm.

Moreover, to the extent Qualcomm asserts confidentiality concerns regarding the sought documents, Apple is willing to enter into an appropriate Protective Order. *See, e.g., In re NanoPyxis Co., Ltd.*, 2018 WL 1156838, at *5 (N.D. Cal. Mar. 5, 2018) (entry into a protective order alleviated confidentiality concerns). The laws of Germany would also provide adequate protection for confidential documents or information submitted to a court located there. (Dorn Decl. ¶¶ 24-27.) Thus, neither concerns regarding burden nor confidentiality should weigh against granting Apple's Application.

## IV.  CONCLUSION

Apple seeks narrowly tailored discovery for use in the German Proceedings. Because Apple's request satisfies the three statutory requirements of 28 U.S.C. § 1782 and because the *Intel* factors all weigh in favor of granting the Application, Apple respectfully requests that this Court enter an order authorizing Apple to issue the subpoenas in substantially the same form as Exhibits 2 and 3 to the concurrently filed Stevens Declaration.

Dated:  November 4, 2021              WALKER STEVENS CANNOM LLP

By:    */s/ Bethany Stevens*
       Bethany Stevens